**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Chapter 13 No. 08-67209
Jacqueline Bond
     Debtor.    Hon. Thomas J. Tucker
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)

  NOW COMES Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns with Litton Loan Servicing, LP as servicer for Lender, by and through its attorneys, Trott & Trott, P.C., and shows unto this Honorable Court as follows:

  1. That Movant is a holder of a mortgage on property owned by the Debtor(s) and located at 16648 Edmore Dr, Detroit, MI 48205-1514 (see attached copy of loan document(s));

  2. That the Debtor(s) filed Chapter 13 Bankruptcy on November 5, 2008;

  3. That the case was confirmed and an Order Confirming Plan was entered with this Court on February 25, 2009;

  4. That pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of such party in interest;

  5. That this is a non-escrowed loan and the Debtor is responsible for maintaining and paying hazard insurance and real property taxes on the subject property;

  6. That failure of the Debtor to pay hazard insurance and real property taxes as they come due is a violation of the terms and conditions of the Mortgage;

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

7. That the Debtor failed to pay the 2006 hazard insurance on the subject property;

8. That Movant was forced to advance funds for the hazard insurance in the amount of $503.76, on or about October 30, 2006;

9. That the Debtor failed to pay the 2007-2009 real property taxes on the subject property to City of Detroit Treasurer and Wayne County Treasurer in the amounts of $5,230.82 for 2007, $5,032.84 for 2008 and $3,217.80 for 2009;

10. That these real property taxes on said property are still due and owing;

11. That the approximate market value of the subject property is $15,000.00;

12. That the total debt owing to Movant, is approximately $99,128.01, which includes Movant's Attorney fees and costs for filing this motion;

13. That Wayne County Treasurer and City of Detroit Treasurer may have an interest in the subject property to the knowledge and belief of Movant;

14. That no other creditor will receive any benefit from the sale of the subject property;

15. That in the event the automatic stay is terminated to allow Creditor to commence or continue its federal and/or state law rights as to the property, and Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Creditor seek to shorten the redemption period.

16. That pursuant to Local Bankruptcy Rule 9014-1(b)(4), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

17. That in the event a hearing on this motion is held and after said hearing the Court orders submission of an order in substantial compliance with Exhibit 1, presentment of said order shall be waived;

18. Concurrence from debtor's attorney was sought by movant's attorney's office on February 18, 2010 and concurrence was not able to be obtained from all parties.

WHEREFORE, Movant respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully Submitted,
Trott & Trott, P.C.

Dated: February 22, 2010

/S/ D. Lisa Evans (P69639)
/S/ Shawn C. Drummond (P58471)
/S/ Matthew Theunick (P65014)
Attorney for Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns with Litton Loan Servicing, LP as servicer for Lender
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-2525
248.642.2515
Email: EasternECF@trottlaw.com

T&T #237703B02

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  
Jacqueline Bond  
                    Debtor.  
_____/

Chapter 13 No. 08-67209

Hon. Thomas J. Tucker

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns with Litton Loan Servicing, LP as servicer for Lender, by and through its attorneys, Trott & Trott, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 16648 Edmore Dr, Detroit, MI 48205-1514; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Movant with respect to the property located at 16648 Edmore Dr, Detroit, MI 48205-1514 to allow Creditor to commence or continue its federal and/or state law rights to the property. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period. This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.